UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAPTOR LLC, and
CONCRETE SERVICES LLC,

        Plaintiffs,

VS.                                 CASE NO.: 0:16-cv-60691-WJZ

ODEBRECHT CONSTRUCTION, INC.,
JAIRO FLOR, BARREIRO CONSTRUCTION
CORP., ABELE BARREIRO, BARREIRO
CONSTRUCTION MATERIALS, INC, and
AMERICO BARREIRO,

        Defendants.

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT
AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, ODEBRECHT CONSTRUCTION, INC., JAIRO FLOR, BARREIRO CONSTRUCTION CORP, ABELE BARREIRO, BARREIRO CONSTRUCTION MATERIALS, INC, and AMERICO BARREIRO, (collectively, "Defendants") file their Reply to Plaintiffs' Opposition (the "Opposition") to Defendants' Motion (the "Motion") to Dismiss Complaint and Memorandum of Law in Support and state as follows:

    **I.    Plaintiffs Have Failed to Rebut Defendants' Argument That Plaintiffs' Pleadings Fail to State a Claim**

Nothing contained in Plaintiffs' Opposition to the Motion rebuts the fact that Plaintiffs have not stated a plausible claim for direct patent infringement under applicable law. Direct infringement of a process or method patent requires that a defendant perform every step of the patented method. Federal pleading standards require that a plaintiff allege sufficient facts to render a claim "plausible on its face." Thus, to state a direct infringement claim against Defendants, Plaintiffs' Complaint has to contain sufficient factual allegations plausibly showing that each

Defendant performed each and every step of their patented method. Plaintiffs Complaint fails to do so, and the Court should dismiss it in its entirety.

Plaintiffs' patents contain both method and product claims, and Plaintiffs' apparently allege that Defendants directly infringed upon both Plaintiffs' patented methods and products. Pleading standards for direct patent infringement require "that a plaintiff "clearly identify not only the specific patent claims that are purportedly infringed but 'which features of the accused device are alleged to infringe the limitations of the claims." *Global Tech Led, LLC v. Every Watt Matters*, Case No. 15-cv-61933-BLOOM/Valle, 2016 WL 6682015 at *2 (S.D. Fla. May 19, 2016). A complaint fails to state a claim for direct infringement of a product claim if it merely "'recit[es] some of the elements of a representative claim and then describ[es] generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.'" *Id.* (quoting *Atlas IP, LLC v. Pacific Gas & Elec. Co.*, Case No. 15-cv-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) (alterations in original)).

Furthermore, the United States Supreme Court, in *Limelight Networks, Inc. v. Akamai Technologies, Inc.,* 134 S.Ct. 2111 (2014), recently reiterated what it means to infringe a method patent. The Court held that a method patent can only be infringed if all of the steps are carried out, specifically writing that, "[when a] method patent claims a number of steps; under this Court's case law, the patent is not infringed unless all the steps are carried out." *Id.* at 2117; s*ee also*, *e.g., Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 344 (1961) (writing that a method patent "covers only the totality of the elements in the claim and . . . no element, separately viewed, is within the grant"). The Court further held that all of a method's steps must be performed by the same defendant "… either because the defendant actually performed those steps or because he directed or controlled others who performed them." *Id*. Therefore, the pleading standard for direct

2

patent infringement of method claims requires that each defendant must be tied individually, and not collectively, to each step of a claimed process or product such that the same defendant is alleged to perform each limitation of each claim.

Plaintiffs respond that their allegations in Paragraphs 22, 23, 24 and 25 of their Complaint (ECF No. 1) are sufficient allegations of direct infringement of their patents. Those allegations fall way short of the mark. Plaintiffs' Complaint fails to allege that each Defendant performed each limitation of each claim and fails to include any factual allegations as to how each individual Defendant is purported to infringe each individual claim element of each claimed process.

Additionally, Plaintiffs' explanation of what it believes the photographs attached to their Complaint depict offers nothing. Plaintiffs apparently believe in a *res ipsa loquitur* approach in which the photographs speak for themselves, and that they need not specify - through words or otherwise - how exactly Defendants directly infringed upon their patented claims. Instead, they assert that the photographs should be compared to the patent drawings to divine alleged infringement. However, there are two glaring issues with this argument. First, the patent drawings have no legal effect, and are thus insufficient to illustrate Defendants' alleged infringement. A patent is divided into a specification, drawings, and patent claims. Only the patent claims define the exclusive right granted to the patent applicant; the rest of the patent is there to facilitate understanding of the claimed invention. Therefore, references to the patent drawings, which are mere visual aids, do not adequately describe the legal limitations of Plaintiffs' patent claim, and are insufficient to state a claim for direct infringement.

Second, even if the photographs, compared with the patent drawings, did adequately describe some steps of Plaintiffs' claims, they do not sufficiently show infringement of either Plaintiffs' product or method claims. The photographs do not show how **each** Defendant

performed **each** step of Plaintiffs' method claims, as is required to directly infringe upon a method patent. Even if the photographs and patent drawings were "virtually identical", as argued by Plaintiffs' counsel (ECF No. 12, Pg 4, ¶ A), it would still be insufficient to state a claim for direct infringement. Direct infringement simply does not exist unless a defendant performs every step of a claimed method. *See Limelight Networks*, 134 S.Ct. at 2117. Here, the photographs do not in any way indicate how any of the Defendants, let alone each of them, performed every step of Plaintiffs' claimed methods. Additionally, Plaintiffs' attempted explanations of the photographs, in which they describe certain aspects of the forms at issue, amount to mere general descriptions of how Defendants' alleged infringing product operates, with no reference to all the claim requirements necessary to state a claim for direct produce infringement. *See Global Tech*, 2016 WL 6682015 at *2. Therefore, Plaintiffs' Complaint fails to meet the pleading requirements under *Global Tech, Iqbal, Twombly* and *Limelight Networks*.

Further, scope of the '068 and '075 patents is unclear due to extensive use of "mixed patent claim types" 1 and "means for" limitations. 2 Claim 9 of the '068 Patent and claim 8 of the '075 Patent has legally ambiguous scope due to mixed patent claim types (i.e., "providing" process step and apparatus limitations in the same claim). Claim 9 of the '068 Patent and claims 8 and 15 of the '075 Patent include "means for" limitations for which no evident corresponding structure is present

---

[1] A single claim which claims "both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. 112, second paragraph." IPXL Holdings v. Amazon.com, Inc., 430 F.2d 1377, 1384, 77 USPQ2d 1140, 1145 (Fed. Cir. 2005); Ex parte Lyell, 17 USPQ2d 1548 (Bd. Pat. App. & Inter. 1990) (claim directed to an automatic transmission workstand and the method of using it held ambiguous and properly rejected under 35 U.S.C. 112, second paragraph)

[2] In exchange for the ability to use a generic means expression for a claim limitation, "the applicant must indicate in the specification what structure constitutes the means." Biomedino, LLC v. Waters Techs. Corp., 490 F.3d 946, 948 (Fed. Cir. 2007). Such ERGO LICENSING v. CAREFUSION 303 4 structure "must be clearly linked or associated with the claimed function." Med. Instrumentation & Diagnostics Corp. v. Elekta AB, 344 F.3d 1205, 1219 (Fed. Cir. 2003). Failure to specify the corresponding structure in the specification amounts to impermissible pure functional claiming. Id. at 1211. "Although [§ 112 ¶ 6] statutorily provides that one may use means-plus-function language in a claim, one is still subject to the requirement that a claim 'particularly point out and distinctly claim' the invention." In re Donaldson Co., 16 F.3d 1189, 1195 (Fed. Cir. 1994) (en banc)

in the specification, which renders the claim scope indefinite. A manner in which Plaintiff is attempting to interpret metes and bounds for the "mixed patent claim types" and for the "means for" limitations cannot be fairly determined from the Complaint, nor is it clear which feature(s) of a Defendant specific product or process is alleged to be tied to these seemingly indefinite claim limitations.

## II.     Plaintiffs Fail to Allege Facts That Support Standing

In addition to failing to state a claim for direct infringement, Plaintiffs do not have standing to contest any alleged infringement of the '075 Patent. The purported assignment of the original '068 Patent application to Plaintiffs was ineffective to convey rights to the '075 Patent, which is a continuation-in-part patent. Thus, Plaintiffs do not possess legal title to the '075 Patent, and do not have standing to contest its alleged infringement. Nothing in Plaintiffs' Opposition contradicts this fact.

Plaintiffs begin their response by stating that it is generally accepted patent practice for an employer to file an assignment of an invention, made by an employee, contemporaneous with the filing of a patent application for the employee's invention but offer facts that show that Plaintiffs didn't follow generally accepted patent practice. (ECF 12, Pg 8, ¶ F). The filing of the assignments for the '075 Patent was not contemporaneous with the filing of the patent application. The '075 Patent application was filed on January 23, 2014. (ECF 1, Attachment 2). The filing of the assignments for the '075 Patent occurred on March 12, 2015 (ECF 1, Attachments 3, 4). Hence, by Plaintiffs' own admission, Plaintiffs' filing of the assignment to the '075 Patent does not conform to generally accepted patent practice.

Plaintiffs have failed to address Defendants' argument that, under the USPTO's Manual of Patent Examining Procedure 306, the assignments of the '075 Patent was not proper. Rather,

5

Plaintiffs argue, without supporting authority, that the filing and recordation, without question or comment, of the subject assignment confers standing to Plaintiffs. (ECF No. 12, Pg 9, ¶ F). The filing and recordation of the assignment with the USPTO is merely a ministerial function of the office. It adds nothing to Plaintiffs' claim of ownership of the "075 Patent. The USPTO advises the public as to the effect of filing on its public website: "When the USPTO receives relevant information for its assignment database, the USPTO puts the information in the public record and does not verify the validity of the information. Recordation is a ministerial function--the USPTO neither makes a determination of the legality of the transaction nor the right of the submitting party to take the action."

However, admittedly, the inquiry into Plaintiffs' standing does not end there. *See Alps South, LLC. v Ohio Willow Wood Co.*, Case No.: 8.08–CV–1893–T–35MAP, 2013 WL 12161867, at *4 (M.D. Fla. Nov. 12, 2013) (citing *Regents of the Univ. of N.M. v. Knight,* 321 F.3d 1111 (Fed. Cir. 2003)). Plaintiffs are correct that Florida law controls and determines whether sufficient ownership rights to the '075 Patent was conveyed by the assignments. Defendants maintain that the assignments do not convey ownership rights sufficient to maintain standing as to all of the claims of the '075 Patent. With respect to the '075 Patent, Plaintiffs allege that this patent is a process-based improvement of the invention embodiment disclosed in the '068 patent specification. The express language of the assignments (ECF 1, Attachments 3, 4) are restricted, and relate only to improvements to "component part and subassemblies therefor" of the '068 Patent specification. This language refers to the statutory class of a "machine" but cannot cover specific improvements to a method or process, which is a different statutory class. The clause for "any improvements" to the '068 Patent's "component part and subassemblies" must be restricted to possible improvements to a "machine" class, as their process claims cannot, by definition,

6

comprise component parts and subassemblies. Thus, under Florida law, the assignments are ineffective to transfer ownership rights to the '075 Patent to Plaintiffs to maintain standing.

## Conclusion

For the reasons set forth above, Plaintiffs' have failed to state a claim for relief and failed to allege sufficient ownership rights to the '075 Patent to confer subject matter jurisdiction upon this Court. Accordingly, Plaintiffs' Complaint should be dismissed.

LAW OFFICES OF GARY B. GOLDMAN
Attorney for Defendants
17071 West Dixie Highway
North Miami Beach, FL 33160
Telephone No.:  (305) 354-2126
Facsimile No.:   (305) 944-9782
ggoldman@law-gc.com


By: _____
         /S/Gary B. Goldman, Esq.
         FBN: 334782

## Certificate of Service

I HEREBY CERTIFY that on June 1, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List by transmissions of Notices of Electronic Filing generated by CM/ECF.


By: _____
         /S/Gary B. Goldman, Esq.

Service List

Attorney For Plaintiffs
John H. Faro, Esq.
Faro & Associates
1395 Brickell Avenue
Suite 800
Miami, FL 33131
email :Johnf7 5712@aol.com