UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-21509-CIV-ALTONAGA/Goodman

**RAPTOR, LLC**, *et al.*,

    Plaintiffs,
v.

**ODEBRECHT CONSTRUCTION, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, Odebrecht Construction, Inc.; Jairo Flor; Barreiro Construction Corp.; Abele Barreiro; Barreiro Construction Materials, Inc.; and Americo Barreiro's Motion to Dismiss [ECF No. 10], filed May 22, 2017. Plaintiffs, Raptor, LLC and Concrete Services, LLC, filed an Opposition ("Response") [ECF No. 12], to which Defendants filed a Reply [ECF No. 13]. The Court has carefully considered the parties' written submissions, the record, and applicable law.

### I.   BACKGROUND

This matter arises out of a dispute over two patents related to the molding of concrete structures. Plaintiffs claim to be the owner and exclusive licensee of U.S. Patent 8,920,068 [ECF No. 1-1], entitled "Process for Slip Forming Reinforced Bridge Coping with Exposed Rebars" (the "System Patent" or "'068 Patent") and U.S. Patent 8,956,075 [ECF No. 1-2], entitled "Tunnel Mold, System & Method for Slip Forming Reinforced Concrete Structures with Exposed Rebars" (the "Tunnel Mold Patent" or "'075 Patent"). (*See* Compl. [ECF No. 1] ¶¶ 3–4, 11–12). Defendant Odebrecht is the prime contractor on certain highway projects for the

Florida Department of Transportation, and Defendant Flor is Odebrecht's President. (*See id.* ¶¶ 6, 20).

Odebrecht solicited Plaintiffs to submit a proposal for a "bridge railing," which is a composite structure made up of a bridge coping and a traffic rail, with embedded reinforcement materials or "rebars." (*See id.* ¶ 21). Plaintiffs allege they met with Odebrecht on two occasions, during which they presented to Odebrecht their patented technology for slip molding a coping structure with exposed rebars. (*See id.*). According to Plaintiffs, their presentation included a "show and tell" video demonstration of their slip molding system and methodology. (*See id.*). Plaintiffs allege this video prominently featured and identified the System and Tunnel Mold Patents and emphasized the cost advantages of using the patented process, including the potential for incentive payments from the FDOT and early completion of certain projects. (*See id.* ¶¶ 21–22).

Plaintiffs accuse Odebrecht of conspiring with the other Defendants to fabricate the patented Tunnel Molds and "wrongfully gain access to" Plaintiffs' slip forming System. (*Id.* ¶ 23). Defendants allegedly "surreptitiously inspected" Plaintiffs' Tunnel Molds on a FDOT job site, arranged for a former employee to seek employment with Plaintiffs to gain access to the System and Tunnel Molds, and "duplicated the measurements and specifications" of the System and Tunnel Molds. (*Id.* ¶ 24). Plaintiffs assert Defendants then utilized the patented System and Tunnel Molds in a project for the FDOT. (*See id.* ¶¶ 25–26). Plaintiffs allege Defendants' unauthorized adoption and use allowed Odebrecht to submit to the FDOT a winning bid forecasting completion of the project 350 days earlier than the FDOT target date. (*See id.* ¶ 26). Early completion, if achieved, would entitle Odebrecht to a significant bonus. (*See id.*).

Plaintiffs bring a sole cause of action accusing Defendants of directly infringing certain of the Patents' Claims. (*See id.* ¶¶ 19–31). Plaintiffs request damages and injunctive relief for Defendants' alleged infringement of their Patents. (*See id.* 9).

Defendants seek to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, asserting the Complaint is deficient because it fails to include an infringement chart detailing how each limitation of each purportedly infringed claim was violated. (*See* Mot. 2–5). Defendants also request the Court dismiss Plaintiffs' claim for infringement of the Tunnel Mold Patent for lack of subject matter jurisdiction, under Rule 12(b)(1), on the basis Plaintiffs do not own the Patent and therefore lack standing. (*See id.* 5–7). The parties do not dispute the Court has subject matter jurisdiction over the '068 patent infringement claim. Consequently, and given the Court's conclusion with respect to the first argument concerning the sufficiency of that claim, this Order does not address whether Plaintiffs properly received an assignment transferring ownership rights to the '075 Patent and so lack standing.

## II.   LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss, a court does not reach the merits of the suit, only the sufficiency of the complaint. *See Levy v. City of Hollywood*, 90 F. Supp. 2d 1344, 1345 (S.D. Fla. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

### III.   ANALYSIS

Defendants argue Plaintiffs fail to state a claim for direct infringement because the "Complaint is completely devoid of any factual allegations that Defendants, either individually or collectively, performed each and every step or element" of any of the Claims in the System or Tunnel Mold Patents. (Mot. 4). Defendants contend because Plaintiffs do not provide an infringement chart detailing how each independent and dependent claim in the Patents is alleged to be infringed, or offer any other supporting facts, Plaintiffs fail to plead sufficient facts to give Defendants "fair notice of what the claim is and the grounds upon which it rests." (*Id.* (quoting *Twombly*, 550 U.S. at 555)). Plaintiffs insist the photographs [ECF No. 1-5] attached to the Complaint, which Plaintiffs allege depict Defendants' "use of the same equipment, system and methods illustrated in the patent drawings . . . on an FDOT construction site" (Resp. 4 (alteration added)), are sufficient to provide "facial plausibility" to support their direct infringement claim (*Id.* 5 (quoting *Twombly*, 550 U.S. at 555)).

Infringement occurs when an infringer, without permission, "makes, uses, offers to sell or sells any patented invention." 35 U.S.C. § 271(a). "To succeed on a claim for direct infringement, the allegedly infringing product must practice all elements of a patent claim." *Sunrise Techs., Inc. v. Cimcon Lighting, Inc.*, 219 F. Supp. 3d 260, 263 (D. Mass. 2016) (citing *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)). "[A]n entity will be responsible for others' performance of method steps in two circumstances: '(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.'" *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338–39 (Fed. Cir. 2016) (alteration added) (quoting *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015)).

"In light of the recent abrogation of Form 18 of the Federal Rules of Civil Procedure, a complaint alleging patent infringement must comply with *Iqbal* and *Twombly* to state a claim under Rule 12(b)(6)." *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 0:16-CV-60693-UU, 2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016) (collecting cases). "[A]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it 'simply recit[es] some of the elements of a representative claim and then describ[es] generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.'" *Glob. Tech Led, LLC v. Every Watt Matters, LLC*, No. 15-CV-61933, 2016 WL 6682015, at *2 (S.D. Fla. May 19, 2016) (first alteration added) (quoting *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016)). "[I]n applying *Twombly* and *Iqbal* after the elimination of Form 18, [Plaintiffs] must allege that [Defendants'] product practices all the elements of at least one of the claims of the subject patent." *Sunrise Techs., Inc.*, 219 F. Supp. 3d at 263 (alterations added) (citing *TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106, 2016 WL 4703873, at *3–4 (C.D. Cal. Aug. 3, 2016)).

Plaintiffs allege Defendants directly infringed Claims 6–8 and 14–16 of the System Patent, and Claims 5–7, 12–14, and 19–21 of the Tunnel Mold Patent. (*See* Compl. ¶¶ 27–28). As these are dependent Claims, they include all the limitations of the Claims from which they depend. *See Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989). In the System Patent, Claims 6–8 depend on Claim 1 (*see* System Patent, col. 10, ll. 67–64), and Claims 14–16 depend on Claim 9 (*see id.* col. 12, ll. 18–24). For the Tunnel Mold Patent, Claims 5–7 depend on Claim 1 (*see* Tunnel Mold Patent, col. 11, ll. 19–27), Claims 12–14 depend on Claim 8 (*see id.* col. 12, ll. 13–21), Claim 19 depends on Claim 15 (*see id.* col. 12, ll. 54–57), and Claims 20–21 depend on Claim 19 (*see id.* col. 12, ll. 58–62).

Plaintiffs allege Defendants fabricated "slip formed coping structures, with exposed rebars" on FDOT highway construction projects, which Plaintiffs claim "can only be accomplished with the proprietary equipment and methods developed by the Plaintiffs." (Compl. ¶¶ 17–18). But these allegations do not go beyond reciting the titles of the patents and generally describing Defendants' conduct. Plaintiffs fail to plead facts describing how Defendants' conduct infringes each element or limitation of any of the Claims they allege were infringed. Plaintiffs therefore do not meet the pleading standard for direct infringement.

According to Plaintiffs, they sufficiently state a claim for direct infringement by attaching photographs [ECF No. 1-5] to the Complaint, which purportedly depict Defendants' fabrications. (*See* Resp. 6–7). Plaintiffs contend the photographs display Defendants' duplication of the patented Claims, and infringement can be further inferred because the photographs are nearly identical to the diagrams included in the Patents. (*See id.*). But merely including photographs of Defendants' construction site, without providing an element-by-element analysis of how the photographs depict infringement of all limitations of any Claim, does not give Defendants' "fair

notice" of the "grounds upon which" Plaintiffs' claim for direct infringement rests. *Twombly*, 550 U.S. at 555. Accordingly, the Complaint fails to state a claim for direct infringement and is dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 10]** is **GRANTED**. Plaintiffs have until **July 6, 2017** to file an amended complaint.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of June, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record