UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAPTOR LLC, and
CONCRETE SERVICES LLC,

      Plaintiffs,

VS.                                                   CASE NO.: 1:17-CV-21509-CMA

ODEBRECHT CONSTRUCTION, INC.,
JAIRO FLOR, BARREIRO CONSTRUCTION
CORP., ABELE BARREIRO, BARREIRO
CONSTRUCTION MATERIALS, INC, and
AMERICO BARREIRO,

      Defendants.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendants, ODEBRECHT CONSTRUCTION, INC., JAIRO FLOR, BARREIRO CONSTRUCTION CORP, ABELE BARREIRO, BARREIRO CONSTRUCTION MATERIALS, INC, and AMERICO BARREIRO, (collectively, "Defendants") move for an Order dismissing Plaintiffs' Amended Complaint.

**INTRODUCTION**

Plaintiffs' Amended Complaint, which seeks damages and injunctive relief under 35 U.S.C. § 271(a) against Defendants, individually and collectively, for direct infringement of two patents allegedly owned by Plaintiffs, should be dismissed for its failure to state a claim for relief. Plaintiffs' pleadings still fail to allege facts that meet the pleading requirements under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). While Plaintiffs have amended their complaint in an attempt to compare the patent claims with an

alleged infringing product, Plaintiffs have failed to allege facts to support 1) infringement by the Defendant corporations and 2) personal liability of each of the corporate Defendants' presidents.

## STANDARD OF REVIEW

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id*. at 679. A complaint alleging patent infringement should be dismissed under Rule 12(b)(6) when it fails to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Twombly, 550* U.S. at *555* (internal citation omitted and alteration in original). The

complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The "mere possibility of misconduct" is not enough. *See Iqbal,* 556 U.S. at 679. A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed. *Twombly,* 550 U.S. at 546. A complaint demonstrates plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

## ARGUMENT

**1.      Plaintiffs have failed to adequately allege that the Defendant corporations directly infringed upon any patented method or product.**

Plaintiffs have alleged both product and method direct infringement claims against the corporate Defendants, but have failed to allege sufficient facts to render it plausible that each corporate Defendant directly infringed upon either Plaintiffs' patented product or methods. "Direct infringement requires proof . . . that the defendant performs (if a method claim) or uses (if a product claim) each element of a claim, either literally or under the doctrine of equivalents." *Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1348 (Fed. Cir. 2013).  Thus, to succeed on their product claim, Plaintiffs must allege sufficient facts showing that **each** corporate Defendant used a product that literally or functionally infringes on a limitation in Plaintiffs' patent. For their allegations of infringement of their patented methods to succeed, Plaintiffs must allege sufficient facts showing that **each** Defendant performed **each** step of their patented method. *Limelight Networks Inc., v. Akamai Tech., Inc.*, 134 S. Ct. 2111, 2117 (2014); *Muniauction v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008). Plaintiffs have failed on both fronts.

3

Plaintiffs' Complaint in no way identifies how each corporate Defendant infringed on their product and method claims. It is replete with blusterous and conclusory allegations of conspiracy without any allegations of fact to render this "conspiracy" plausible. Attached to the Complaint are photographs that purport to show the "Defendants", apparently including the Defendant corporate officers, using the infringing device and performing their patented methods. No identification of which Defendants are alleged to be shown in the photographs is present in the Complaint. No allegation regarding how the individuals present in the photographs are alleged to be controlled by specific named Defendants is present. There are simply not enough facts in the Complaint to show that each of the corporate Defendants directly infringed on Plaintiffs' patents.

Additionally, Plaintiffs have alleged an ill-fated claim of joint infringement against all Defendants. "The Defendants' actions, as as [sic] set forth [in] Paragraphs 22 to 25, both individually and collectively, constitute literal infringement, and/or infringement under the doctrine of equivatlents [sic], of at least one of Claims, of US Patent 8,920,068, (System Patent)**,** specifically, Claims 1, 6, 7, 8, 9, 14, 15, and 16**,** as set forth in Exhibit "7.1"**."** (ECF 28-1,¶ 26). Allegations of joint infringement must meet the pleading standards under *Twombly* and *Iqbal*. *Lyda v. CBS Corp.*, 838 F.3d 1331, (Fed. Cir. 2016). "A claim of joint infringement thus requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite "direction or control" over the others' performance or (2) the actors form a joint enterprise such that the performance of every step is attributable to the controlling party. *Id* at 1339. However, Plaintiffs' Complaint contains neither allegations of "direction or control", nor allegations that the Defendants were engaged in a joint enterprise. Therefore, any claim of joint infringement must fail.

4

Plaintiffs have alleged, in sum, that: Defendants conspired to fabricate Plaintiffs' patented Tunnel Molds and to gain access to Plaintiffs' non-public proprietary information and technology (ECF 28-1,¶ 22); conspired to surreptitiously inspect and gain access to Plaintiffs' Tunnel Mold, and slavishly duplicated its measurements and specifications (ECF 28-1,¶ 23); and conspired to fabricate and use its Tunnel Mold on a Florida Department of Transportation Project identified as MDX Project No. 83628, SR 836/Dolphin Modernization Project (NW 57th Avenue to NW 17th Avenue. (ECF 28-1,¶ 24). Absent from Plaintiffs' Amended Complaint are allegations that even one Defendant, much less all in combination, performed each and every step of Plaintiffs' claimed method, or that each Defendant used Plaintiffs' patented product. All that Plaintiffs offer is the allegation that the photographs in Composite Exhibit "5" show Defendants "utilizing the Plaintiffs' propriety and patented slip molding system, tunnel mold and methodology…"(ECF 28-1,¶ 24). As the corporate Defendants are legal fictions, it's obvious that they are not and cannot be depicted in the attached photographs and, thus, Plaintiffs' allegation is at fatal variance with its exhibits. What are depicted are the alleged infringing product and various construction workers, alleged to be the Defendants, performing highway and bridge work. Further absent from Plaintiffs' Amended Complaint are any facts sufficient to allow a reasonable inference as required by *Lyda* that all steps of Plaintiffs' claimed method were performed and either (1) one of the Defendants exercises the requisite direction and control over the other Defendants' performance or (2) the Defendants formed a joint enterprise such that performance of every step is attributable to the controlling Defendant. Plaintiffs' allegations are simply too vague to set forth a claim for relief.

**2.     Plaintiffs have failed to allege sufficient facts to state a plausible claim that the individual Defendants should be held liable for the actions of the corporate Defendants.**

5

Plaintiffs have chosen to join in this action the president of each of the three corporate defendants. Plaintiffs have alleged that each individual defendant is the owner/and or president of the corresponding Defendant corporations, and each controlled and directed the actions of their corporations, including their alleged unlawful conduct. (ECF 28-1, ¶ 6, 7, 8). These allegations are woefully inadequate to impose liability on the individual defendants.

The district court in *Mayo Clinic Jacksonville v. Alzheimer's Institute of America*, 683 F. Supp. 2d 1292 (M.D. Fla. November 29, 2009), citing *Manville Sales Corp. v. Paramount Sys. Inc.,* 917 F.2d 544, 552 (Fed.Cir.1990) held that in order to impose personal liability on corporate officers for direct patent infringement, "…facts must warrant the disregarding of the corporate form or piercing of the corporate veil." "To determine whether corporate officers are personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565 (Fed. Cir. 1986).

In Florida, "[a] party seeking to pierce the corporate veil and prove alter ego liability must show both a blurring of corporate lines, such as ignoring corporate formalities or using a corporation for a stockholder's personal interest, and that the stockholder used the corporation for some illegal, fraudulent or other unjust purpose." *Century Sr. Serv. v. Consumer Health Benefit Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1265 (S.D. Fla. 2011). Plaintiffs' Complaint is utterly devoid of any allegations of plausible facts that the personal defendants blurred corporate lines or used the corporate form to perpetuate a fraud or other illegal purpose. Thus, Plaintiffs have failed to state a claim against the individual Defendants.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this honorable Court

dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

                    LAW OFFICES OF GARY B. GOLDMAN
                    Attorney for Defendants
                    17071 West Dixie Highway
                    North Miami Beach, FL 33160
                    Telephone No.: (305) 354-2126
                    Facsimile No.: (305) 944-9782
                    ggoldman@law-gc.com

By: _____
      /S/Gary B. Goldman, Esq.
      FBN: 334782

## Certificate of Service

     I HEREBY CERTIFY that on July 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List by transmissions of Notices of Electronic Filing generated by CM/ECF.

By: _____
      /S/Gary B. Goldman, Esq.

                    Service List

Attorney For Plaintiffs
John H. Faro, Esq.
Faro & Associates
1395 Brickell Avenue
Suite 800
Miami, FL 33131
email :Johnf7 5712@aol.com

William Rafael Trueba , Jr.
Trueba & Suarez, PLLC
1441 Brickell Avenue

7

Suite 1210
Miami, FL 33131
305-482-1001
Fax: 786-516-2826
Email: wtrueba@lex188.com

8