RAPTOR, LLC, *et al.*,

      Plaintiffs,

v.

ODEBRECHT CONSTRUCTION,
INC., *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, Odebrecht Construction, Inc.; Jairo

Flor; Barreiro Construction Corp.; Abele Barreiro; Barreiro Construction Materials, Inc.[1]; and

Americo Barreiro's Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 37], filed

July 20, 2017. Plaintiffs, Raptor, LLC and Concrete Services, LLC, filed an Opposition

("Response") [ECF No. 42], to which Defendants filed a Reply [ECF No. 43]. The Court has

carefully considered the parties' written submissions, the record, and applicable law.

## I.      BACKGROUND

The allegations in the Amended Complaint [ECF No. 28-1] starkly resemble those in

Plaintiffs' first Complaint [ECF No. 1], which the Court summarized in a June 22, 2017 Order

[ECF No. 22] dismissing the Complaint without prejudice. The Court recapitulates the relevant

facts here.

Plaintiffs claim to be the owner and exclusive licensee of U.S. Patent 8,920,068 [ECF

No. 28-2], entitled "Process for Slip Forming Reinforced Bridge Coping with Exposed Rebars"

---

[1] In their filings, Plaintiffs refer to Barreiro Construction Materials, Inc. as "Barreiro Concrete Materials,
Inc." or "Barreiro Concrete." To avoid confusion, the Court refers to this entity as "Barreiro Materials."

(the "System Patent"), and U.S. Patent 8,956,075 [ECF No. 28-3], entitled "Tunnel Mold, System and Method for Slip Forming Reinforced Concrete Structures with Exposed Rebars" (the "Tunnel Mold Patent"). (*See* Am. Compl. ¶¶ 3–4, 11–12).

Odebrecht solicited Plaintiffs to submit a proposal for a "bridge railing," which is a composite structure made up of a bridge coping and a traffic rail, with embedded reinforcement materials or "rebars." (*Id.* ¶ 20). Plaintiffs allege they met with Odebrecht on two occasions, during which they presented to Odebrecht their patented technology for slip molding a coping structure with exposed rebars. (*See id.*). According to Plaintiffs, their presentation included a "show [and] tell" video demonstration of their slip molding system and methodology. (*Id.* (alteration added)). Plaintiffs allege this video prominently featured and identified the System and Tunnel Mold Patents and emphasized the cost advantages of using the patented methods, including the potential for incentive payments from the Florida Department of Transportation and early completion of certain projects. (*See id.* ¶¶ 20–21).

Plaintiffs accuse Odebrecht of conspiring with Barreiro Construction and Barreiro Materials (together, the "Corporate Defendants") to fabricate the patented Tunnel Molds and "wrongfully gain access to" Plaintiffs' slip forming System. (*Id.* ¶ 22). The Corporate Defendants allegedly "surreptitiously inspected" Plaintiffs' Tunnel Molds on an FDOT job site, arranged for a former employee to seek employment with Plaintiffs to gain access to the System and Tunnel Molds, and "duplicated the measurements and specifications" of the System and Tunnel Molds. (*Id.* ¶ 23). Plaintiffs assert the Corporate Defendants then utilized the patented System and Tunnel Molds in a project for the FDOT. (*See id.* ¶¶ 24–25). Plaintiffs allege this "unauthorized adoption and use" allowed Odebrecht to submit to the FDOT a winning bid

forecasting completion of the project 350 days earlier than the FDOT target date. (*Id.* ¶ 25). Early completion, if achieved, would entitle Odebrecht to a significant bonus. (*See id.*).

Plaintiffs accuse the Corporate Defendants, as well as Jorge Flor, Abele Barreiro, and Americo Barreiro (the "Individual Defendants"), of "literal infringement and/or infringement under the doctrine of [equivalents]" in violation of 35 U.S.C. section 271(a). (*Id.* ¶¶ 26–29 (alteration added)). Plaintiffs allege Defendants infringed Claims 1, 6–9 and 14–16 of the System Patent; and Claims 2–10, 12–17, and 19–21 of the Tunnel Mold Patent. (*See* Am. Compl. ¶¶ 26–27). Claims 15–17 and 19–21 of the Tunnel Mold Patent are Product Claims; Claims 9 and 14–16 of the System Patent and 8–10 and 12–14 of the Tunnel Mold Patent are System Claims; and the remainder of the Patents' Claims allegedly infringed are Method Claims. (*See* Resp. 7–8).[2] Plaintiffs request damages and injunctive relief for Defendants' alleged infringement of their Patents. (*See id.* 9).

Plaintiffs assert the deficiencies in the Complaint identified by the Court in the June 22 Order have been "obviated" by the Amended Complaint's attachment of "detailed claim charts identifying . . . the specific claims of the two patents" alleged to be infringed and "photographs of the Defendants' infringing activity with references to the various claim limitations found on the Defendants' machinery." (Resp. 5 (alteration added)). Defendants do not challenge the Claim Charts [ECF Nos. 28-14 & 28-15] or Photographs [ECF Nos. 28-8 through 28-12] for lack of requisite specificity as to what activity in particular infringed which elements of the Patents' Claims. (*See generally* Mot.).

---

[2] While Plaintiffs do not refer to Claims 15–17 of the Tunnel Mold Patent as Product Claims, Defendants assert, and Plaintiffs do not challenge, "Plaintiffs have alleged . . . product . . . direct infringement claims against the [C]orporate Defendants . . . ." (Mot. 3 (alterations added)). Upon examination of these Claims, the Court concludes they are Product Claims.

Defendants nonetheless request dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, asserting the Amended Complaint is deficient because: Plaintiffs fail to allege *each* corporate Defendant infringed each limitation of the Patents' Claims; Plaintiffs fail to allege facts sufficient to infer joint infringement; and Plaintiffs' allegations, taken as true, do not warrant piercing of the corporate veil to impose liability on the individual Defendants. (*See generally* Mot.).

## II.      LEGAL STANDARD

Rule 8(a) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (alteration added) (quoting *Twombly*, 550 U.S. at 570). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). To meet this plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

Apart from the factual allegations of the Amended Complaint, which are construed in the light most favorable to Plaintiffs, the Court also properly considers the attachments to the

pleading. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) ("[E]xhibits [to the complaint] are part of the pleading 'for all purposes' . . . 'including a Rule 12(b)(6) motion.'" (alterations added) (quoting FED. R. CIV. P. 10(c); then quoting *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985))).

Following the amendments to the Federal Rules of Civil Procedure, which took effect December 1, 2015 and abrogated Rule 84 and Form 18,[3] claims for direct infringement are subject to the *Iqbal/Twombly* standard applied to most other civil pleadings. *See Thermolife, Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 0:16-CV-60693-UU, 2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016) (collecting cases).

## III.    ANALYSIS

Defendants argue Plaintiffs fail to state a claim against the Corporate Defendants because Plaintiffs fail to allege *each* Corporate Defendant made or used a product, method, or system infringing each element of the Patents' Claims, and Plaintiffs do not plead requisite "direction or control" by one Corporate Defendant or the existence of a joint enterprise such that the Corporate Defendants are liable under a theory of joint infringement. (Mot. 3–5 (internal quotation marks omitted) (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016))). Defendants further contend Plaintiffs' claim should be dismissed as to the Individual Defendants because the Amended Complaint is "devoid of any allegations of plausible facts that the personal defendants blurred corporate lines or used the corporate form to perpetuate a fraud or other illegal purpose" such that piercing the corporate veil is warranted. (Mot. 6).

---

[3] Prior to the abrogation of Rule 84 and Form 18, a complaint which made "proper use of [Form 18] . . . effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (alterations added; citation omitted).

Plaintiffs accuse Defendants of direct infringement of Method, System, and Product Claims. "Direct infringement requires proof by preponderant evidence that the defendant performs . . . or uses . . . each element of a claim, either literally or under the doctrine of equivalents." *Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1348 (Fed. Cir. 2013) (citation omitted; alterations added). The Federal Circuit has set forth the framework to evaluate direct infringement of a method claim by multiple entities:

> Direct infringement under [section] 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity. . . . Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement. . . . [A]n entity [is] responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) ("*Akamai III*") (alterations added; citation and footnote call number omitted).

The *Akamai III* framework does not apply to system claims, which are infringed where a party "put[s] the invention into service, *i.e.*, control[s] the system as a whole and obtain[s] benefit from it." *Lyda*, 838 F.3d at 1339 (alterations added) (quoting *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011)).

As for product claims, the Federal Circuit has instructed, "the party that adds the final element to the combination 'makes' the infringing product and thus is liable for direct infringement even if others make portions of the product." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1316 (Fed. Cir. 2012) ("*Akamai I*") (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)), *rev'd on other*

*grounds*, 134 S. Ct. 2111 (2014). Thus, "[f]or product claims, whenever the product is made, used, or sold, there is always a direct infringer." *Id.* (alteration added).[4]

The Amended Complaint is devoid of allegations as to which Defendant did what. Plaintiffs allege "[u]pon information and belief . . . Odebrecht conspired with Barreiro Construction and [Barreiro Materials] to . . . slavishly duplicate[] the measurements and specifications of the . . . System and Tunnel Molds." (Am. Compl. ¶ 23 (alterations added; emphases omitted)). These entities then conspired "to intentionally engage in . . . infringement . . . by . . . fabricat[ing] and us[ing] . . . a Tunnel Mold, and/or the functional equivalent thereof, utilizing the Raptor specification and measurements for the Raptor Tunnel Molds . . . [and] us[ing] . . . a System, and/or the functional equivalent thereof, for fabrication of a slip formed coping, with exposed rebars" on a project for the FDOT. (*Id.* ¶¶ 24(a)–(b) (alterations added; emphases omitted)). While paragraph 26 of the Amended Complaint sets forth in detail the specific acts of infringement, it does not describe who performed these acts, ascribing them only to "[t]he Defendants." (*Id.* ¶ 26 (alteration added)). Similarly, the Claim Charts attached to the Amended Complaint do not specify which Defendant is responsible for the infringing conduct, and instead provide only that it occurred on "Defendants' [j]ob [s]ite." (System Patent Claim Chart [ECF No. 28-14] 1; Tunnel Mold Patent Claim Chart [ECF No. 28-15] 1 (alterations added)).

---

[4] *Akamai I* held a defendant who performed some steps of a method patent and encouraged others to perform the rest could be liable for inducement of infringement even if no single defendant was liable for direct infringement. 692 F.3d at 1318. The Supreme Court reversed, holding inducement of infringement required at least one defendant to have committed direct infringement. *See Limelight Networks v. Akamai Techs.*, 134 S. Ct. 2111, 2120 (2014) ("*Akamai II*"). The Court declined to review the merits of the Federal Circuit's holding in *Miniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329–30 (Fed Cir. 2008), that a method patent has not been infringed unless all of its steps have been performed by the same defendant. *See Akamai II*, 134 S. Ct. at 2120. The Court further did not advise as to whether the holding in *Miniauction* applied to system or product patents.

Further, the Amended Complaint does not adequately describe the relationship between the Corporate Defendants. Plaintiffs allege Odebrecht, Barreiro Construction, and Barreiro Materials are all Florida corporations with their respective principal places of business in Florida (*see* Am. Compl. ¶¶ 5, 7, 9); Odebrecht submitted the winning bid for an FDOT contract with an early completion date "enabled" by "the unauthorized adoption and use of the . . . System . . . and Tunnel Mold" (*id.* ¶ 25 (alterations added)); and Barreiro Construction and Barreiro Materials "conspired" with Odebrecht to use the System and fabricate and use the Tunnel Mold or their functional equivalents (*id.* ¶ 24). The Amended Complaint is otherwise bereft of reference to the particular roles played by each corporate Defendant.

Taking Plaintiffs' allegations as true, the Court cannot reasonably determine whether any single Corporate Defendant performed each and every step of one of the Method Claims in the System or Tunnel Mold patents. Nor have Plaintiffs pled any facts allowing the Court to conclude any of the Corporate Defendants directs or controls the actions of the others.[5] Therefore, a cause of action for infringement of the Method Claims can only proceed if Plaintiffs properly plead the corporate Defendants formed a joint enterprise. *See Lyda*, 838 F.3d at 1339.

A joint enterprise requires:

(1) an agreement, express or implied, among the members of the group;

(2) a common purpose to be carried out by the group;

(3) a community of pecuniary interest in that purpose, among the members; and

(4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

---

[5] Plaintiffs assert in their Response "Odebrecht . . . subcontracted highway construction services . . . to [Barreiro Construction] and [Barreiro Materials], whom were directed, in their sub-contract with Odebrecht, to use the Plaintiffs' proprietary and patented tunnel molds." (Resp. 5 (alterations added)). This allegation was not made in the actual pleading, and the Court thus does not consider it in determining whether the Amended Complaint states a claim.

*Akamai III*, 797 F.3d at 1023 (citing Restatement (Second) of Torts § 491 cmt. c). The Amended Complaint does not include any allegation of an express or implied agreement between the Corporate Defendants. Nor do Plaintiffs allege a common purpose between the Corporate Defendants, or any pecuniary interest held by Barreiro Construction or Barreiro Materials. Finally, as mentioned, Plaintiffs provide no insight in the Amended Complaint as to the level of control any Corporate Defendant held within the alleged conspiracy. Plaintiffs do not properly plead a joint enterprise, and accordingly their claim for direct infringement against the Corporate Defendants cannot proceed under a theory the Method Claims were infringed.

As for system and product infringement, neither the Eleventh Circuit nor the Federal Circuit has instructed the *Akamai III* requirements regarding liability of multiple defendants should be applied outside the context of method infringement. *Cf. Lyda*, 828 F.3d at 1339 ("Our cases have applied joint infringement to method claims and not system claims." (citation omitted)). Nonetheless, a complaint that "indiscriminately lump[s] 'defendants' together fails to comply with [Federal Rule of Civil Procedure] 8." *Synergy Real Estate of Sw. Fla., Inc. v. Premier Prop. Mgmt. of Sw. Fla., LLC*, No. 2:11-CV-707-FTM-29, 2013 WL 5596795, at *2 (M.D. Fla. Oct. 11, 2013) (alterations added); *see also Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602-CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the . . . Complaint fails to satisfy the minimum standard of Rule 8." (alteration added; citations omitted)).

Plaintiffs allege the Corporate Defendants, without Plaintiffs' permission, conspired together to fabricate and use an infringing Tunnel Mold (*see* Am. Compl. ¶¶ 24 & (a)), and assert the Photographs depict a Tunnel Mold on "Defendants' [j]ob [s]ite" infringing Claims 15–17 and

19–21 of the Tunnel Mold Patent (*e.g.* Tunnel Mold Patent Claim Chart 11). None of these allegations provide proper notice as to which Corporate Defendant is accused of adding the final element to "make" the infringing Tunnel Mold, nor do they identify which Corporate Defendant "used" the Tunnel Mold on the job site. Plaintiffs have not adequately pled product infringement against the Corporate Defendants.

Plaintiffs' claim of direct infringement of the System Claims similarly fails. Plaintiffs allege "Odebrecht conspired with Barreiro Construction[] and Barreiro [Materials] . . . to . . . use . . . a System . . . in violation of one or more of the claims of [the System Patent]" (Am. Compl. ¶¶ 24 and (a) (alterations added)), and "the unauthorized adoption and use of the . . . System . . . enabled Odebrecht to bid . . . an early completion date . . . under [its] prime contract with the FDOT," which entitled Odebrecht to an early completion bonus (*id.* ¶ 25). While Plaintiffs sufficiently allege Odebrecht "obtain[ed] benefit from" use of the System, nowhere in the Amended Complaint do Plaintiffs state facts sufficient for the Court to infer Odebrecht or any other Corporate Defendant "control[led] the system as a whole." *Centillion*, 631 F.3d at 1284 (alterations added). Because Plaintiffs lump the actions of the Corporate Defendants together, the Court cannot identify an "end user" who is "using all portions of the claimed invention" such that one of the Defendants could be fairly said to have "use[d]" a patented system in violation of Section 271(a). *Centillion*, 631 F.3d at 1284 (alteration added). Plaintiffs' claim of system infringement therefore cannot survive.

As Plaintiffs fail to state a claim against the Corporate Defendants, their action cannot continue against the Individual Defendants. Moreover, the Individual Defendants are not liable for direct infringement because Plaintiffs fail to "allege . . . sufficient facts to pierce the corporate veil." *Plasticos Vandux De Colombia S.A. v. Robanda Int'l, Inc.*, Case No. 10-60188-

CIV, 2010 WL 2721852, at *4 (S.D. Fla. July 9, 2010) (alteration added) (citing *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986)). The Amended Complaint's sole mention of the Individual Defendants is found in its "Parties" section, where Plaintiffs formulaically recite: "Jairo Flor[] is the owner and/or president of . . . Odebrecht . . . . and controls and directs the actions of . . . Odebrecht, including the unlawful conduct of Odebrecht, recited hereinafter" (Am. Compl. ¶ 6 (alterations added); "Abele Barreiro[] . . is the owner and/or president of . . . Barreiro Construction . . . . and controls and directs the actions of . . . Barreiro Construction, including the unlawful conduct of Barreiro Construction, recited hereinafter" (*id.* ¶ 8 (alterations added)); and "Americo Barreiro[] . . is the owner and/or president of . . . Barreiro [Materials] . . . . and controls and directs the actions of . . . Barreiro Construction [*sic*], including the unlawful conduct of Barreiro [Materials], recited hereinafter" (*id.* ¶ 10 (alterations added)). These bald assertions are insufficient to pierce the corporate veil. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (piercing the corporate veil is only appropriate where the corporation's owner "dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent" (quoting *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008))). The claims brought against the Individual Defendants are accordingly dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 37]** is **GRANTED**. The Amended Complaint **[ECF No. 28-1]** is **DISMISSED**.[6] The Clerk is directed to **CLOSE** the case, and all pending motions are **DENIED as moot**.

---

[6] The deadline to amend pleadings was July 21, 2017. (*See* Order Setting Trial . . . [ECF No. 20]).

**DONE AND ORDERED** in Miami, Florida, this 31st day of August, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record